**Fecera Estate**

*David M. Kozloff*, for petitioner.
*Lawrence Sager*, for respondent.

MUTH, P. J., October 19, 1973.—Elizabeth E. Fecera, widow of Arthur J. Fecera, deceased, has filed her election to take against the will of decedent, and also has filed a petition for family exemption.

Arthur A. Fecera, executor of the last will and testament of decedent, contests the right of the said widow to the family exemption, as well as objects to her right to file an election to take against the will of decedent.

A notice for the taking of depositions on oral examination has been filed on behalf of said Elizabeth E. Fecera. The aforementioned executor contends that depositions may not be taken at this time because the said Elizabeth E. Fecera has waived her rights as the result of an antenuptial agreement, dated January 17, 1967. It is his contention that the rights of the said widow in the estate of her late husband, as modified or affected by the said antenuptial agreement, must first be determined before depositions can be taken.

The notice for the taking of depositions sets forth that testimony by way of depositions be taken of Lee F. Potteiger, Arthur A. Fecera, the secretary of the H. Fecera Furniture Co., Inc., and the secretary of Fecera's, Inc.

The taking of depositions is governed by the provisions of Rule No. 36 of the Orphans' Court of Berks County, and in the instant matter by the Pennsylvania Rule of Civil Procedure 4007 and section 774 of the Probate, Estates and Fiduciaries Code of June 30, 1972, (no. 164), 20 PS §774. The executor of the estate of decedent also suggests that Pa. R. C. P. 4011 effectively limits the taking of depositions in the matter before us.

The executor of the estate of decedent in substance contends that before depositions of a witness may be taken to be used in the determination of the rights of the widow of the decedent, such determination must precede the taking of depositions. He also contends

that the taking of depositions of the persons named in the present state of the records violates the provisions of the Act of May 23, 1887, P. L. 158, sec. 5, 28 PS §322.

Pennsylvania Rule of Civil Procedure 4007 provides for the taking of testimony by the way of depositions or by written interrogatories regarding any matter not privileged which is relevant to the subject matter involved and will substantially aid in the preparation of the pleadings or in the trial of the case. In the matter before us, the issue is the right of the widow of decedent as affected by the antenuptial agreement. Depositions of the witnesses aforementioned presumably are contemplated as being in aid of the trial or hearing of the issue before us.

A contention similar to that of the estate of the within decedent is discussed in detail in McClatchy Estate, 85 Montg. 19. In his opinion, Judge Taxis (now President Judge), states the purpose of depositions and discovery are:

"Furthermore, the purposes of depositions and discovery are (1) to obtain knowledge and facts to enable the party to prepare his pleadings or to prepare for trial; (2) to narrow the issues by indicating which issues are actually disputed and will require proof at trial; and (3) to reduce the possibility of surprise at the time of trial. To adopt a strict approach to these procedural rules in the orphans' court would nullify the salutary advantages which these devisees are designed to afford in the trial of a case."

He also specifically decided that there is no requirement that a prima facie case be established before depositions or interrogatories may be filed. In his opinion, Judge Taxis points out the fallacy of the decision in Evans Will, 8 Fiduc. Rep. 431, and refers

to the criticism thereof in 4 Goodrich-Amram 4007 (a)-20.

To postpone the taking of depositions to the disposition of the issue presented is to put the cart before the horse. The fallacy is obvious. Depositions are employed in aid of preparation of pleadings or in the trial of the issue.

The admissibility of the depositions can be determined only when they are offered in evidence. The objection thereto is premature at this time.

We have also examined the provisions of Pa. R.C.P. 4011 pertaining to the limitation of the scope of discovery and inspection, and while the objectors have referred to no specific limitation, we are unable to discover any of the reasons therein set forth applicable to the matter before us.

We, therefore, make the following

ORDER

And now, to wit, October 19, 1973, the objections to the taking of depositions in the within matter are found to be without merit, the protective order requested is refused and depositions may be taken as prayed for.